IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOLLEF REYERSON, ) | |
| ) | Case No. CV-06-525-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| SHADRACK OLLENNU, an ) | |
| individual, and C.R. ENGLAND, ) | |
| INC., a Utah Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it Defendant Shadrack Ollennu's Motion to Dismiss (Docket No. 7). The Court heard oral argument on the motion on June 19, 2007, and now issues the following decision.

## BACKGROUND

Prior to November 2004, Plaintiff Tollef Reyerson, an Idaho resident, leased a tractor trailer from C.R. England, Inc. ("England"). Reyerson also signed a contract to drive for England, and to train new England truck drivers. Sometime in November 2004, England hired defendant Shadrack Ollennu, a North Carolina resident, as a truck driver. England selected Reyerson to train Ollennu. To that end, Ollennu flew from North Carolina to Salt Lake City, Utah, where Reyerson

picked him up. Reyerson and Ollennu then traveled to Idaho to begin Ollennu's training.

On November 29, 2004, Ollennu and Reyerson began their training trip from Montepelier, Idaho, en route to Burley, Idaho, to deliver an old load and pick up a new one. (See Reyerson Aff., ¶ 7). On November 30, 2004, Ollennu and Reyerson left Burley, en route to deliver their load to Easton, Maine. (See Reyerson Aff., ¶ 8). On December 1, 2004, Reyerson was allegedly injured when Ollennu lost control of the tractor trailer while driving in New York, en route to Maine.

## STANDARD OF REVIEW

Theoretically, in diversity actions, the assertion of personal jurisdiction must comply with the requirements of Idaho's long-arm statute (I.C. § 5-514(a)) and must not offend due process. See *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). However, because Idaho's long-arm statute allows a broader application of personal jurisdiction than the Due Process Clause, courts must look only to the Due Process Clause to determine if personal jurisdiction is appropriate.[1]

---

[1] In *Lake*, the 9th Circuit found that the Idaho legislature, in adopting I.C. § 5-514, "intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution." *Id.* at 1420. The Idaho Supreme Court had so held, and continued to so hold for a few years after Lake. *See Houghland Farms v. Johnson*, 803 P.2d 978 (Idaho 1990). But more recently, the Idaho Supreme Court has, without commenting on this precedent, instituted a two-part test for resolving long-arm jurisdiction questions. The Court first looks at whether the defendant's conduct falls within the terms of the statute, and then looks to see whether exercising jurisdiction would comport with the Due Process Clause. In two cases,

In deciding Ollennu's Motion to Dismiss for lack of personal jurisdiction, the Court must take Reyerson's uncontroverted allegations in the complaint as true and resolve factual disputes in affidavits in his favor. *See Dole Foo Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). However, where Ollennu offers evidence in support of his motion, Reyerson may not simply rest on the bare allegations of his complaint. *See Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). In that case, Reyerson must come forward with facts, by affidavit or otherwise, in response to Ollennu's version of the facts. *Id.*

Reyerson bears the burden of proving that the Court has personal jurisdiction over Ollennu. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1995). If the Court decides the matter without an evidentiary hearing, Reyerson need only establish a *prima facie* showing of jurisdictional facts to withstand a motion to dismiss. *See Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995). But the issue remains alive for trial where Reyerson must prove personal jurisdiction by a preponderance of the evidence. *Rano*, 987 F.2d at 587 n.3. Reyerson may make such a showing based on either general or specific personal jurisdiction. *See Data*

---

the Idaho Supreme Court has held that the defendant's conduct did fall within I.C. § 5-514, but that jurisdiction could not be exercised consistently with the Due Process Clause. *See Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997); *Saint Alphonsus v. State of Washington*, 852 P.2d 491 (Idaho 1993). These decisions imply that I.C. § 5-514 reaches beyond the limits of due process, and that the Idaho Supreme Court must use the Due Process Clause to rein-in the statute's grasp. Thus, *Lake's* reading of I.C. § 5-514 appears no longer to be accurate. The result, however, is the same--the Due Process Clause sets the limit, but the Idaho Supreme Court's new two-part test recognizes that the reach of the statute is not identical with the reach of the Due Process Clause.

*Disc, Inc. v. Systems Tech. Assoc. Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

## ANALYSIS

Ollennu seeks dismissal of Reyerson's claims against him based on lack of both general and specific jurisdiction.

### A.   General Jurisdiction

To show general jurisdiction, Reyerson must show that Ollennu's activities within Idaho are " substantial" or "continuous and systematic." *Id.*  Reyerson makes no argument that Ollennu's activities were continuous and systematic, but he does contend that they were substantial.  In support of that contention, Reyerson notes that Ollennu was physically present in Idaho for several days, operated the tractor trailer in Idaho during those days on a route that began and would have ended in Idaho, received payment for operating the tractor trailer in Idaho, laundered his clothes in Idaho, and ate in Idaho.

The standard for establishing general jurisdiction is "fairly high," and requires that the defendant's contacts be of the sort that approximate physical presence.  See *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986)*.  Factors to consider include whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated in the state.  *Id.*

General personal jurisdiction case law traditionally involves corporate defendants whose contacts with the state are business-related. This Court has been unable to find any case where an individual defendant is subject to the court's general personal jurisdiction based on the type of forum contacts alleged in this case.  However, several courts have refused to exercise general jurisdiction over truck drivers because their contacts were not continuous and systematic.  *See e.g., Simpson v. Quality Oil co.*, 723 F.Supp. 382 (S.D. Ind. 1989) (truck driver who delivered fuel to numerous locations on several occasions was not subject to general jurisdiction).

In this case, Ollennu picked up one load in Idaho and drove it out of the state.  This does not fulfill the "fairly high" standard for finding general jurisdiction.  Moreover, the fact that Ollennu laundered his clothes, ate and slept a couple nights in Idaho does nothing in the way of constituting substantial contacts with Idaho.  Accordingly, the Court will find that there is no general jurisdiction over Ollennu.

**B.** **Specific Jurisdiction**

The Ninth Circuit uses the following approach to evaluate whether there is specific jurisdiction: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum,

thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.  *See Data Disc, Inc., 557 F.2d at 1287*.  If the plaintiff satisfies the first two elements, the burden shifts to the defendant to make a compelling case that the exercise of personal jurisdiction would be unreasonable.  *See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)*.

The purposeful availment prong requires a qualitative evaluation of Ollennu's contact with Idaho.  *See Harris Rutsky & Co. Ins. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003)*.  The purposeful availment requirement is met if Ollennu "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."  *Id.*  (Internal citation and quotation omitted).  Here, Ollennu traveled to Idaho, operated the truck within Idaho, and picked up a load from McCain Foods and set out to deliver the load to a destination in Maine.  Significantly, however, it was not Ollennu's decision to train in Idaho, and he did not contract with McCain Foods to pick up the load in Idaho – England made those decisions.  England assigned Ollennu a trainer from Idaho, and it was England and/or his trainer who required Ollennu to start his training route in Idaho.  Ollennu simply chose to work for, and train with, England.  Accordingly, the Court finds that Ollennu did not purposefully avail himself of the privilege of conducting activities in Idaho.

Additionally, even if Ollennu had purposefully availed himself of the privilege of conducting activities in Idaho, the Court finds that the claims made against Ollennu do not arise out of Idaho-related activities. The Ninth Circuit uses a "but for" test to make that determination. *See Harris*, 328 F.3d at 1131.

In this case, it was simply fortuitous that Ollennu started his training in Idaho. The accident did not happen "but for" the route originating in Idaho. Moreover, "[m]ost courts, . . . in deciding cases involving truck drivers or others traveling on business to or from a forum state who are involved in accidents outside the forum state have held that there is not a sufficient nexus between the drive to or from the forum state and the controversy." *Obermeyer v. Gilliland*, 873 F.Supp. 153, 157 (C.D.Ill. 1995). In accordance with the majority of courts deciding the issue, this Court likewise holds that the fact that Ollennu was en route from Idaho at the time of the accident does not constitute a sufficient nexus between the accident and the destination to support specific jurisdiction. Accordingly, the Court will grant Ollennu's motion to dismiss.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Shadrack Ollennu's Motion to Dismiss (Docket No. 7) shall be, and the same is hereby, GRANTED, and defendant Ollennu is dismissed from this case.

DATED: **June 28, 2007**



Honorable B. Lynn Winmill
Chief U. S. District Judge